**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  CASE NO. 3:16-cr-127-TJC-PDB

NERTANT CHERENFANT

**O R D E R**

This case is before the Court on Defendant Nertant Cherenfant's Motion for Sentence Reduction. Doc. 62. Cherenfant—whose criminal history spans more than two decades, including multiple violent and drug offenses—is serving a 120-month sentence for conspiracy to distribute cocaine. See Doc. 60 (judgment); Doc. 57 at 7–13 (presentence report detailing past offenses). He was classified as a career offender based on a past felony conviction of a crime of violence (aggravated assault with a deadly weapon) and a past felony conviction of two controlled substance offenses (conspiracy to deliver cocaine and delivery of cocaine). Doc. 57 at 6. His prison term under the sentencing guidelines would have been 188 to 235 months, id. at 19, but the Court permitted a significant a downward departure, see Doc. 60. He now asks the Court to reduce his sentence to time served or supervised release. Doc. 62 at 9.

Cherenfant argues that three extraordinary and compelling reasons warrant a sentence reduction: (1) in United States v. Dupree, 57 F.4th 1269

(11th Cir. 2023), the Eleventh Circuit held that a conviction for conspiracy is not a controlled substance offense for purposes of classifying a defendant as a career offender; (2) the prison is frequently locked down, preventing him from accessing rehabilitative programs; and (3) he suffers from "a serious functional or cognitive impairment" and is "experiencing deteriorating physical or mental health because of the aging process." Id. at 6–9. He does not explain the asserted medical conditions, and the medical records he provides do not substantiate them. Doc. 62-1 at 6–7. The government opposes the motion. Doc. 66.

A court may modify a term of imprisonment under limited circumstances. See 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips, 597 F.3d 1190, 1195–96 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). To decide a motion to reduce a sentence, a court considers the factors in the statute establishing sentencing guidelines (18 U.S.C. § 3553(a)) and determines whether extraordinary and compelling reasons warrant a reduction.[1] § 3582(c).

Relevant extraordinary and compelling reasons to reduce a sentence include a change in the law that produces a gross disparity between the sentence the defendant received and the sentence he would have received after

---

[1] The Court describes only the requirements relevant to this case; a court may also reduce a term of imprisonment under circumstances inapplicable here. See 18 U.S.C. § 3582(c)(1)(A)(ii) & (c)(1)(B).

the change, provided that he received an unusually long sentence and has served at least ten years in prison;[2] "suffering from a serious functional or cognitive impairment" or "experiencing deteriorating physical or mental health because of the aging process"; and undefined circumstances "similar in gravity" to those specifically identified in the United States Sentencing Guidelines. U.S.S.G. § 1B1.13(b)(1)(B)(i) & (ii), (5), (6).[3]

Under the sentencing guidelines, a defendant is classified as a career offender if he is over eighteen at the time of the offense, is convicted of a felony crime of violence or controlled substance offense, and has at least two prior felony convictions involving a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). Career offenders face enhanced sentences. Id. § 4B1.1(b). In January 2023, the Eleventh Circuit held that under a previous version of the guidelines, a "controlled substance offense" did not include inchoate crimes, including attempts and conspiracies. Dupree, 57 F.4th at 1271. Effective November 1, 2023, the United States Sentencing Commission amended the

---

[2]Except as described above, a court may not consider a change in the law to determine whether an extraordinary and compelling reason to reduce a sentence exists, but the court may consider a change in the law to determine the extent of a reduction if a defendant otherwise establishes extraordinary and compelling reasons. U.S.S.G. § 1B1.13(c).

[3]The Court merely summarizes extraordinary and compelling reasons. The guidelines contain more specific descriptions and limitations. See U.S.S.G. § 1B1.13(b).

guidelines to specifically include inchoate offenses. See U.S.S.G. § 4B1.2(d) ("The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense.").

Here, the Court need not evaluate the § 3553(a) factors. Even if those factors favor Cherenfant, he provides no extraordinary and compelling reason to modify his sentence. He fails to substantiate—or even describe—his purported medical conditions. He provides no authority for the assertion that lack of access to rehabilitative programs is extraordinary or compelling, and the Court is aware of none. Finally, Dupree does not help Cherenfant. Not only have the guidelines been amended to clarify that a conspiracy conviction is a controlled substance offense, but Cherenfant's sentence is significantly below his guideline range, and he fails to show any disparity between the sentence he received and the sentence he would have received even if a conspiracy conviction could not count toward career offender status.[4] Accordingly, it is hereby

---

[4]Citing United States v. Taylor, 596 U.S. 845 (2022), Cherenfant argues that the amendment to the guidelines is invalid because the Sentencing Commission did not employ a "categorical approach." Doc. 62 at 6. Cherenfant's precise point is unclear, but Taylor is inapplicable. In Taylor, the Supreme Court analyzed whether an attempted Hobbs Act robbery categorically requires the use of violence. See generally 596 U.S. 845. Resolving the question in the negative, the court held that the defendant—who had been convicted of an attempted Hobbs Act robbery in which the victim was shot and killed by the defendant's accomplice—could not be punished under a statute that prohibits using a firearm in connection with a crime of violence because other attempted

4

**ORDERED:**

Defendant Nertant Cherenfant's Motion for Sentence Reduction, Doc. 62, is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

vng

Copies:

John Cannizzaro, AUSA
Vanessa Zamora Newtson, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

---

Hobbs Act robberies might not involve violence. Id. at 860. To the extent Cherenfant believes that Taylor prohibits the Sentencing Commission from defining a controlled substance offense to include conspiracies and attempts because a conspiracy or attempt may be committed without actually possessing a controlled substance, Taylor held no such thing and is too factually dissimilar to be persuasive.